PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. ELISA PEÑA OQUENDO, Defendant and Appellant.

No. 4945. Argued March 10, 1933.—Decided March 24, 1933.

*Burset & Pérez Pimentel* for appellant. *R. A. Gómez, Fiscal,* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

On April 23, 1932, Elisa Peña Oquendo was prosecuted before the Municipal Court of Fajardo, for carrying a prohibited weapon, by virtue of a complaint which reads as follows:

"That on April 17, 1932, in José de Diego Street, of Naguabo, P. R., which forms part of the municipal judicial district of Fajardo, P. R., the defendant, Elisa Peña Oquendo, then and there, unlawfully, wilfully, and maliciously, and for purposes of offense and defense, carried on her person a 'Gem' razor blade with which she assaulted and battered a person. The 'Gem' razor blade was seized

and is placed at the disposal of the court as evidence in this case. This act being contrary to law."

The defendant was found guilty by the municipal court, and at a trial *de novo* before the District Court of Humacao she filed a demurrer on the ground that the facts charged did not constitute a public offense, as she claimed that a "Gem" razor blade was not a weapon or instrument prohibited by law. The demurrer was overruled and when the case was submitted to the court it found the defendant guilty and sentenced her to 30 days' imprisonment in jail.

The appellant urges that the lower court erred in overruling said demurrer and in holding that a "Gem" razor blade is a prohibited weapon.

A "Gem" razor blade is not originally a weapon. It is not included among those enumerated in the Act of 1905. Strictly speaking, it cannot be said that it is an instrument similar to a weapon and it is clear that it is not intended for offense or defense. It is not similar to a barber's razor which, according to the definition given by the dictionary of the Spanish Royal Academy, is "an exceedingly keen-edged instrument, with a round point, made of highly tempered steel, easily swinging on its sides and is used for shaving the hair." A "Gem" razor blade is a small rectangular piece of steel, without a handle, 1½ inches long by ¾ inch wide, with a keen edge and a back on the opposite side. This blade is ordinarily used by placing it in a special apparatus used for shaving. A "Gem" razor blade does not swing on its sides because it has none; it lacks a handle, and cannot be used as easily as a barber's razor. The latter may be easily put in one's pocket, because it is protected by its sides, where its keen edge is hidden. This is not the case with the "Gem" razor blade which has its keen edge unprotected and lacks a handle, and if carried in some one's pocket it may cut his clothes or his hands when seizing it. Its length of 1½ inches cannot

be compared to that of a barber's razor, which is 4 inches long approximately. The statute against carrying weapons is not applicable to the carrying of pocket-knives or folding pocket-knives the blades of which do not exceed 3 inches in length, although bodily injury may be caused with them. We do not think that the spirit of the law has been to consider within its prohibitory provisions an instrument like a "Gem" razor blade.

This Court, in *People* v. *Cruz,* 34 P.R.R. 305, expressed itself thus:

."It is true that the law in force at present not only prohibits the use of weapons, but also of any instrument with which bodily injury may be caused, yet inasmuch as with weapons intended for offense and defense bodily injury may be caused, by applying the rule of *noscitur a sociis* we conclude that the instruments that may cause bodily injury and are prohibited are those similar to weapons and not those which are not intended for offense or defense, although bodily injury may be caused with them. We think that this was the intention of the legislators, for otherwise it would follow that many objects or instruments not intended for offense or defense, as scarf-pins, hat-pins, paper-weights, whips, etc., would have to be considered as prohibited weapons because it is possible to cause bodily injury with all of them, and with some even death."

The fact that an instrument has been unlawfully used does not change it into a prohibited weapon. If an instrument whose use is not prohibited by law is utilized to carry out an unlawful act, the person who executes such act is responsible for the crime involved in the act so committed but he cannot be punished for the carrying of said instrument. In our opinion, as said before, a "Gem" razor blade is not an instrument similar to a weapon and does not fall within the prohibitory provisions of the act.

For the reasons stated the judgment appealed from must be reversed and the defendant discharged.